IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | CASE NO. 3:08-0758 JUDGE NIXON/KNOWLES |
| CHS/COMMUNITY HEALTH SYSTEMS, INC.; NWI HOSPITAL HOLDINGS, LLC; PORTER HOSPITAL, LLC; BOARD OF TRUSTEES OF PORTER MEMORIAL HOSPITAL d/b/a PORTER MEMORIAL HOSPITAL; PORTER COUNTY BOARD OF COMMISSIONERS; COUNTY COUNCIL OF PORTER COUNTY; and PORTER COUNTY, INDIANA, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court following the filing of a "Stipulation of Partial Dismissal Without Prejudice" submitted by Plaintiff and "the Porter County Defendants," which are identified as Board of Trustees of Porter Memorial Hospital, Porter County Board of Commissioners, County Council of Porter County, and Porter County, Indiana. Docket No. 40. The Stipulation has been signed by counsel for Plaintiff and counsel for the Porter County Defendants. The Stipulation is filed pursuant to Fed. R. Civ. P.41(a).

Rule 41(a) provides in relevant part as follows:

> (a) Voluntary Dismissal.
>
> (1) By the Plaintiff.
>
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

The instant Stipulation was filed on March 25, 2009. Prior to that date, a number of Defendants had filed and served Answers. *See, e.g.,* Docket Nos. 26, 28, 36, 37. Thus, Plaintiff cannot voluntarily dismiss its claims against the Porter County Defendants pursuant to Rule 41(a)(1)(A)(i) simply by filing a notice of dismissal.

The instant Stipulation is not signed by all parties who have appeared in this action. Therefore, Plaintiff cannot voluntarily dismiss its claims against the Porter County Defendants pursuant to Rue 41(a)(1)(A)(ii).

Rule 41(a)(2) provides in relevant part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The instant Stipulation evinces the fact that Plaintiff does wish to dismiss its claims against the Porter County Defendants.

The undersigned recommends that the "Stipulation of Partial Dismissal Without Prejudice" (Docket No. 40) be treated as a request to dismiss Plaintiff's claims against the Porter

2

County Defendants without prejudice, made pursuant to Rule 41(a)(2), and that that request be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

 _____
 E. Clifton Knowles
 United States Magistrate Judge

3

Case 3:08-cv-00758   Document 42   Filed 03/26/09   Page 3 of 3 PageID #: 242