IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| INFINIUM SOFTWARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:08-0758 |
| ) | JUDGE NIXON/KNOWLES |
| ) | |
| ) | |
| CHS/COMMUNITY HEALTH ) | |
| SYSTEMS, INC.; NWI HOSPITAL ) | |
| HOLDINGS, LLC; PORTER ) | |
| HOSPITAL, LLC; BOARD OF ) | |
| TRUSTEES OF PORTER HOSPITAL ) | |
| d/b/a/ PORTER MEMORIAL ) | |
| HOSPITAL; PORTER COUNTY ) | |
| BOARD OF COMMISSIONERS; ) | |
| COUNTY COUNCIL OF PORTER ) | |
| COUNTY; and PORTER COUNTY, ) | |
| INDIANA, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon "Plaintiff's Motion for Leave to File a Second Amended Complaint and Memorandum in Support." Docket No. 60. The Plaintiff has also submitted a proposed "Second Amended Complaint." Docket No. 60-1. Defendants CHS/Community Health Systems, Inc., NWI Hospital Holdings, LLC, and Porter Hospital, LLC (hereinafter the "CHS Defendants" have filed a Response in Opposition to the Motion. Docket No. 66. With leave of Court (Docket No. 69, 71), Plaintiff has filed a Reply to the Response (Docket No. 70).

Fed. R. Civ. P. 15(a)(2) provides in relevant part:

> [A] party may amend its pleading only with the opposing party's
> written consent or the court's leave. The court should freely give
> leave when justice so requires.

As the United States Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue
> delay, bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc. – the
> leave sought should, as a rule, require the "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The main purpose of the proposed amendment is to add a claim for conversion against the CHS Defendants.[1] The conversion claim introduces no new factual issues; it merely pleads an additional theory of liability. Docket No. 70, p. 1-2. While the CHS Defendants argue that Plaintiff has unduly delayed in filing the instant Motion, they concede that, ordinarily, delay alone does not justify denial of leave to amend. Docket No. 66, p. 5 (citations omitted).

As Plaintiff correctly argues, the CHS Defendants have shown no prejudice from the allowance of the amendment. In fact, the CHS Defendants implicitly recognize that any potential prejudice can be cured by appropriate amendments to the Case Management Order. Docket No. 68, p. 6, n.6.

For the foregoing reasons, Plaintiff's "Motion for Leave to File a Second Amended Complaint" (Docket No. 60) is GRANTED.

---

[1] Plaintiff also states that it wishes to amend to "delete claims previously asserted against Porter County, Indiana, and its affiliates . . . ." Plaintiff has, however, previously dismissed its claims against the Porter County Defendants. Docket Nos. 40, 42, 51. It is, therefore, not necessary for Plaintiff to file an Amended Complaint to "delete" those claims.

2

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge